[Cite as *In re C.K.*, 2014-Ohio-3103.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: C. K. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| A MINOR CHILD | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2014CA00046 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Family Court Division, Case
No. 2012JCV00521

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 14, 2014

APPEARANCES:

For Appellant                              For Appellee

DAVID L. SMITH                        LISA A. LOUY
245 33rd Street, NW                  221 Third Street, SE
Canton, OH  44709                    Canton, OH  44702

*Farmer, P.J.*

{¶1} On May 29, 2012, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of C. K. born May 24, 2012, alleging the child to be dependent, neglected, and/or abused. Mother of the child is appellant, Candace German; father of the child is Justin K. who is not a party to this appeal.

{¶2} On June 21, 2012, the trial court found the child to be abused and placed the child in appellee's temporary custody.

{¶3} On October 25, 2013, appellee filed a motion for permanent custody. Hearings were held on January 2, and February 12, 2014. By judgment entry filed February 18, 2014, the trial court granted permanent custody of the child to appellee. Findings of fact and conclusions of law were filed same date.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE JUDGMENT OF THE TRIAL COURT THAT APPELLANT ABANDONED THE MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶6} "THE COURT'S ORDER STATING THAT [C. K.] COULD NOT BE PLACED WITH ANY BIOLOGICAL PARENT AT THE TIME OF TRIAL OR WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

{¶7}    Appellant claims the trial court erred in granting permanent custody of the child to appellee, as the findings of abandonment and placement within a reasonable time were against the sufficiency and manifest weight of the evidence.  We disagree.

{¶8}    On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179.   In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21.

{¶9}    R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states in pertinent part as follows:


(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the

Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(10) The parent has abandoned the child.

(16) Any other factor the court considers relevant.

{¶10} R.C. 2151.414(B) enables a trial court to grant permanent custody if the trial court determines by clear and convincing evidence that it is in the best interest of the child. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also,

*In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶11} R.C. 2151.414(D) sets out the factors relevant to determining the best interest of the child. Said section states relevant factors include, but are not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶12} In its judgment entry filed February 18, 2014, the trial court found the parents had abandoned the child, the child had been in appellee's custody for twelve or more months of a consecutive twenty-two month period (from June 21, 2012 to the time of the hearing, February 12, 2014), and it was in the child's best interest to grant permanent custody of the child to appellee. R.C. 2151.414(B)(1)(b) and (d).

{¶13} By her own admissions, appellant never visited the child, is serving a thirty month sentence for a probation violation (twenty-one months are remaining), and never completed any of the case plan services. T. at 4-6. Appellant blamed her failure to complete any case plan services and attend hearings on her SRCCC restrictions. T. at 8-10. However, prior to her SRCCC confinement, fourteen months had lapsed wherein she made no attempt to comply with the case plan. T. at 12-13. Appellant blamed this failure on her "active addiction" which she explained was "a disease. Your (sic) born with it." T. at 13, 14. She denied receiving the case plan, but State's Exhibit A demonstrates that she did, and the caseworker, Adrienne Chenault, testified appellant reviewed the case plan and signed it. T. at 13, 19, 20. Appellant never requested visitation with the child. T. at 21-22.

{¶14} Ms. Chenault testified she has worked with other clients who were able to work their case plans while in SRCCC, but appellant was unable to because of the restrictions placed upon her due to her lack of trustworthiness and failure to comply with SRCCC. T. at 20. Appellant made no efforts during the fourteen months prior to her SRCCC confinement to contact the child or comply with the case plan. T. at 19-21. Appellant refused a treatment program because she did not want to be confined,

although she was told the facility was not locked and she could leave. T. at 19. Appellant still "did not want to do that." *Id.* Based upon this history, Ms. Chenault testified appellant could not complete the case plan in a reasonable amount of time. T. at 22.

{¶15} The guardian ad litem testified and recommended permanent custody of the child to appellee. T. at 60-61. A possible relative placement was denied because of a failed home study in August 2012. T. at 35. Another possible relative placement was not recommended because of a failed background check on the relative's fiancé. T. at 36. The relative had never met the child. T. at 55.

{¶16} Although appellant prayed for a second chance, from the history of appellant's lack of cooperation and future twenty-one months of incarceration, the second chance ship sailed some twenty months ago.

{¶17} The child is currently in foster care and the foster parents are interested in adopting the child. T. at 35. The child has bonded with the family. *Id.*

{¶18} Upon review, we find the trial court's conclusions on abandonment under R.C. 2151.414(B) and best interest are supported by clear and convincing evidence. The trial court did not err in granting permanent custody of the child to appellee.

{¶19} Assignments of Error I and II are denied.

{¶20} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 623